# In the United States Court of Federal Claims

No. 12-368

Filed: November 28, 2012

**NOT TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| | * |
| ROBERT DAVID NEAL, | * |
| | * |
| Plaintiff, *pro se*, | * |
| | * |
| v. | * |
| | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Robert David Neal**, Plaintiff, *pro se*.

**Vincent D. Phillips,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN,** *Judge***.**

## I.  RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On April 27, 2007, Robert David Neal ("Plaintiff") pled guilty to wire fraud and was sentenced to 327 months' imprisonment. *See United States v. Neal*, 294 F. App'x 96, 98-99 (5th Cir. 2008). While serving his sentence, Mr. Neal, under the alias David Joseph Nelson, instituted a civil action against himself, in which he asked the United States District Court for the Northern District of California to enforce a "Security Agreement," as amended on February 18, 2008 (Dkt. 20), between himself and his alias, Mr. Nelson. *See Nelson v. Neal*, No. 09-cv-05162-PJH (N.D. Cal. Oct. 11, 2011). On March 16, 2010, Mr. Nelson apparently obtained a judgment from the United States District Court for the Northern District of California awarding Mr. Nelson $125,000, plus interest, from Mr. Neal and transferring to Mr. Nelson "[a]ll of the property of the defendant, identified and covered by and defined in the Security Agreement[.]" *See Nelson v. Neal*, No. 09-cv-05162-PJH (N.D. Cal. March 16, 2010) (Dkt. 18). Subsequently, the District Court ruled that the March 16, 2010 judgment would not be binding on any parties, other than Mr. Nelson or Mr. Neal, and was not to be construed as a grant of *habeas corpus*, requiring the release of Mr. Nelson or Mr. Neal, from prison. *See Nelson v. Neal*, No. 09-cv-

05162-PJH (N.D. Cal. Oct. 11, 2011). To date, Plaintiff has filed at least eleven civil actions, including this one, to enforce the "Security Agreement."[1]

On June 8, 2012, Plaintiff filed a Complaint in the United States Court of Federal Claims against the United States ("the Government"), pursuant to 28 U.S.C. §§ 1331, 1495 together with a Claim For Compulsory Binding Arbitration, pursuant to 9 U.S.C. § 3 ("Compl."). The Complaint alleges that Plaintiff was falsely imprisoned under the name of Robert David Neal and that the Government defaulted on obligations owed to Mr. Neal, pursuant to the "Security Agreement." Compl. ¶¶ 2, 7. The "Security Agreement," filed with the court on August 6, 2012 was signed by two parties--David J. Nelson as Secured Party and Robert David Neal as Debtor; the Government was not a party. (Dkt. 20). Nevertheless, the Complaint alleges that Mr. Neal is entitled to an arbitration with the Government. Compl. ¶ 8. The Complaint adds that on four occasions, the Government has refused Plaintiff's requests for arbitration. Compl. ¶ 11.

On June 8, 2012, Plaintiff filed a Motion For Payment Of Court Fees. On June 15, 2012, the court denied Plaintiff's June 8, 2012 Motion, but indicated that Plaintiff could proceed by paying the required filing fee or seeking leave of the court to proceed *in forma pauperis*. On June 18, 2012, Plaintiff filed a Claim For Appointment Of Legal Counsel, that also was denied by the court on June 25, 2012.

On June 28, 2012, Plaintiff filed a First Amended Complaint, False Imprisonment Claim For Compulsory, Binding Arbitration [Pursuant To] 28 U.S.C. §§ 1491 & 1495, 9 U.S.C. § 3 ("Am. Compl."). The Amended Complaint quotes part of the "Security Agreement" that: "The parties hereto do hereby agree to an immediate abatement of the criminal sanctions wrongfully imposed upon the person of this Plaintiff," and "the Plaintiff is hereby entitled to a writ of habeas corpus pursuant to 28 U.S.C. [§] 2241 or any other such writ as he deems necessary and appropriate in his sole discretion to remove his corpus permanently from the custody of the Federal Bureau of Prisons Forever more[.]" Am. Compl. ¶ 6. The Amended Complaint also alleges that a writ was issued, demanding the immediate release of the Plaintiff, but was not honored. Am. Compl. ¶ 7.

On July 2, 2012, Plaintiff filed: a Claim For Telephonic Preliminary Status Conference; a Claim For Judicial Notice of Jurisdiction and Venue; and a Motion For Leave To Proceed *In Forma Pauperis*. The latter was granted by the court on July 6, 2012. On July 9, 2012, Plaintiff also filed a second Request For Judicial Notice.

On July 24, 2012, Plaintiff filed a Second Claim For Compulsory, Binding Arbitration; Stay Of Proceedings.

---

[1] The other civil actions filed by Mr. Neal are: *Nelson v. Neal*, No. 10-mc-00154-UA (C.D. Cal.); *Neal v. Neal*, No. 11-mc-00012-TWP-TAB (S.D. Ind.); *Neal v. Lockett,* No. 11-cv-00415-TWP-TAB (S.D. Ind.); *Nelson v. United States*, No. 11-cv-00465-CFL (Fed. Cl.); *Neal v. Oliver*, No. 12-cv-00187-WTL-MJD (S.D. Ind.); *Neal v. Oliver*, No. 12-cv-00193-JMS-WGH (S.D. Ind.); *Neal v. Oliver*, No. 12-cv-00194-JMS-WGH (S.D. Ind.); *Neal v. Oliver*, 12-00198-WTL-MJD (S.D. Ind.); *Neal v. Oliver*, No. 12-cv-00936-WTL-DML (S.D. Ind.); and *Neal v. Kane*, No. 12-cv-01212-UNA (D.D.C.).

On August 1, 2012, the Government filed a Motion For An Enlargement Of Time To File Response To Plaintiff's June 28, 2012 First Amended Complaint. On August 2, 2012, the court granted that motion.

On August 6, 2012, Plaintiff filed a Third Claim For Judicial Notice And Request For Relief and a Claim For Document Incorporation Into The Court's Records.

On August 10, 2012, Plaintiff filed a Petition For Injunctive Relief. On August 15, 2012, Plaintiff filed a Notice Of Agreement Of Enlargement Of Time.

On August 27, 2012, Plaintiff filed a Motion For Issuance Of Summons And Process Service and a Claim For Alternative Dispute Resolution.

On September 6, 2012, the Government filed a Motion To Dismiss. On October 19, 2012, Plaintiff filed a Claim For Mandatory Judicial Notice. On November 1, 2012, Plaintiff filed a Fourth Claim For Stay Of Proceedings.

On November 19, 2012, Plaintiff filed a Motion For [the court's] Recusal.[2]

## II. DISCUSSION.

### A. Jurisdiction.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491 (2006). The Tucker Act authorizes the court to "render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006).

The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

---

[2] The court has construed Plaintiff's November 19, 2012 Motion For Recusal as a Complaint, filed pursuant to RCFC 40.3 and Rule 6 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Accordingly, the court notified the Clerk of Court of the November 19, 2012 Motion which is hereby referred to the Clerk of the Court for action.

**B.    Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When deciding a motion to dismiss for lack of subject matter jurisdiction, the court must assume as true all undisputed allegations of fact made by the nonmovant and draw all reasonable inferences from those facts in the nonmovant's favor. *See Henke v. United States,* 60 F.3d 795, 797 (Fed. Cir. 1995). Nonetheless, the plaintiff "bears the burden of establishing subject mattter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988).

**C.    Standard For Review For *Pro Se* Litigant.**

In considering the dismissal of a *pro se* complaint, the pleading is held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke,* 60 F.3d at 799.

**D.    The Court's Resolution.**

A plaintiff seeking to invoke the jurisdiction of the United States Court of Federal Claims must present a claim for "actual, presently due money damages from the United States." *United States v. King,* 395 U.S. 1, 3 (1969). To maintain a claim for money damages for the alleged breach of an agreement with the Government, the agreement must "clearly and unmistakably subject[] the government to monetary liability for any breach." *Sanders v. United States*, 252 F.3d 1329, 1335 (Fed. Cir. 2001). The June 28, 2012 Amended Complaint alleges a contract claim as a result of the Government's default on obligations owed to Plaintiff under the "Security Agreement." Am. Compl. ¶ 1. But, the "Security Agreement" was executed between Plaintiff and his alias "Mr. David Joseph Nelson." *See* Security Agreement No. RDN-060850-SA (Dkt. 20). This document does not evidence a contract with the Government.

Of course, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495 (2006). Any person filing a suit under 28 U.S.C. § 1495, however, must allege and establish that the conviction was reversed or set aside on one of the grounds listed in 28 U.S.C. § 2513. The "Security Agreement" does not evidence that Plaintiff's conviction has been reversed or set aside, and no other evidence has been proffered to state a section 1495 claim.

Finally, as a matter of law, the court does not have jurisdiction to grant Plaintiff's request for a writ of *habeas corpus*. *See* 28 U.S.C. § 2241 (authorizing to "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" to issue a writ of *habeas corpus*); *see also Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) ("[T]here is no provision giving the Court of Federal Claims jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court."). Moreover, "claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed." *See Sanders*, 252 F.3d at 1336.

Accordingly, the United States Court of Federal Claims does not have authority to execute a writ of *habeas corpus*.

## III.    CONCLUSION.

For these reasons, the Government's September 6, 2012 Motion To Dismiss is granted. Plaintiff's June 8, 2012 Complaint and June 28, 2012 Amended Complaint are dismissed. Plaintiff's November 19, 2012 Motion For Recusal is hereby referred to the Clerk of Court.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**

5